IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United Financial Casualty Company | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff | : | No. 5:21-CV-00227-JLS |
| | : | |
| v. | : | |
| | : | |
| Steven T. Benner d/b/a Benner Brothers, Trucking, et al. | : | |
| | : | |
| Defendants | : | |

**DEFENDANTS, LEHIGH HANSON ECC, INC., LEHIGH HANSON, INC., LEHIGH HANSON SERVICES, LLC, LEHIGH CEMENT COMPANY, LEHIGH CEMENT COMPANY, LLC, RUGGIERO TRUCKING COMPANY, INC., RUGGIERO TRUCKING CO., INC., RUGGIERO BROTHERS, INC. AND RUGGIERO BROS., INC.S' ANSWER TO PLAINTIFF'S COMPLAINT WITH WITH AFFIRMATIVE DEFENSES, CROSSCLAIM AND COUNTERCLAIM**

AND NOW come Defendants Lehigh Hanson ECC, Inc., Lehigh Hanson, Inc., Lehigh Hanson Services, LLC, Lehigh Cement Company, Lehigh Cement Company, LLC, Ruggiero Trucking Company, Inc., Ruggiero Trucking Co., Inc., Ruggiero Brothers, Inc. and Ruggiero Bros., Inc.s' ("Defendants") by and through his undersigned counsel, Marshall, Dennehey, Warner, Coleman, & Goggin, and respectfully submit this Answer with Affirmative Defenses and Crossclaim to Plaintiff United Financial Casualty Company's ("Plaintiff") Complaint, averring as follows:

1. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations made in this paragraph.

2. The corresponding allegations are addressed to a party other than Defendants and accordingly no further response is required pursuant to the Federal Rules of Civil Procedure.

3. Admitted.

4. Admitted in part, denied in part. By way of further response, the correct name of the entity is "Lehigh Hanson Services LLC". The remainder of the corresponding allegations are admitted.

5. Admitted in part, denied in part. By way of further response, the correct name of the entity is "Lehigh Hanson, Inc.". The remainder of the corresponding allegations are admitted.

6. Admitted in part, denied in part. By way of further response, Defendant Lehigh Cement Company was a corporation organized and existing under the Commonwealth of Pennsylvania, with a principal place of business located at 7660 Imperial Way Allentown, Pennsylvania. Lehigh Cement Company merged into Lehigh Cement Company LLC effective December 31, 2008.

7. Admitted in part, denied in part. Defendant Lehigh Cement Company LLC is a limited liability company organized and existing under the state of Delaware, with a place of business located at 537 Evansville Road, Fleetwood, Pennsylvania. The principal place of business is located at 300 E. John Carpenter Freeway, suite 1645, Irving, Texas. Defendant Lehigh Cement Company LLC has a registered address care of Corporation Service Company, Dauphin, Pennsylvania.

8. Admitted only that Plaintiff is going to refer to the Defendants listed in the corresponding paragraph as "Lehigh" throughout Plaintiff's Complaint.

9. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such..

10. Admitted.

11. Admitted.

12. Admitted in part, denied in part. It is admitted that Defendant Ruggiero Brothers, Inc. is a corporation organized and existing under the Commonwealth of Pennsylvania with a principal place of business located at 930 E. Market Street, Bethlehem, Pennsylvania. The remainder of the corresponding allegations are denied.

13. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. By way of further response, it is admitted only that Defendant Ruggiero Brothers, Inc., not Ruggiero Bros., Inc. is a corporation organized and existing under the Commonwealth of Pennsylvania with a principal place of business located at 930 E. Market Street, Bethlehem, Pennsylvania. The remainder of the corresponding allegations are denied.

14. Admitted only that Plaintiff is going to refer to the Defendants listed in the corresponding paragraph as "Ruggiero" throughout Plaintiff's Complaint.

15-16. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such.

17. The corresponding allegations are not addressed to Defendants and accordingly no further response is required pursuant to the Federal Rules of Civil Procedure.

18. Admitted in part, denied in part. To the extent the corresponding allegations are addressed to Defendants, they are admitted to the extent that Defendants have sought coverage under the applicable insurance policy and Plaintiff has denied coverage. To the extent the remainder of the corresponding allegations are addressed to Defendants, the allegations in this paragraph constitute conclusions of law and are denied as such.

19. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted in part, denied in part. It is admitted that in Plaintiff Steven Benner's Complaint, Plaintiff alleges injuries when the vehicle he was operating was struck by a Norfolk Southern freight train while traveling on tracks that went through a cement facility owned and/or operated by some of the Lehigh Defendants. The remainder of the corresponding allegations constitute conclusions of law and are denied as such. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

24. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the remainder of the corresponding allegations constitute conclusions of law and are denied as such.

25. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the remainder of the corresponding allegations constitute conclusions of law and are denied as such.

26. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the remainder of the corresponding allegations constitute conclusions of law and are denied as such.

27. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by

Plaintiff is denied. To the extent any further answer is required, the remainder of the corresponding allegations constitute conclusions of law and are denied as such.

28. Denied that the Complaint filed to docket number 200302537 in the Philadelphia Court of Common Pleas includes a claim for Loss of Consortium. Admitted that the prior action filed to docket number 180802131 in the Philadelphia Court of Common Pleas includes a claim for Loss of Consortium.

29. Admitted that Norfolk Southern has brought crossclaims against Defendants. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the remainder of the corresponding allegations constitute conclusions of law and are denied as such.

30. Admitted.

31-38. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

39. Denied. The corresponding allegations constitute conclusions of law and are denied as such. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

40. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

41. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

42. Denied. The corresponding allegations constitute conclusions of law and are denied as such. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

43. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

44. Admitted in part. It is admitted that Defendants filed a proper crossclaim against Benner Bros. To the extent the remainder of the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

45. Admitted that Norfolk Southern has brought crossclaims against Defendants. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the remainder of the corresponding allegations constitute conclusions of law and are denied as such.

46. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

47. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

48. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

49. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

50-57. The corresponding allegations are not addressed to Defendants and accordingly no further response is required pursuant to the Federal Rules of Civil Procedure. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. By way of further response, in regards to the remainder of the corresponding allegations, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations made in this paragraph.

58. Admitted in part, denied in part. It is admitted that Defendants have tendered defense and indemnity to Benner Bros. The remainder of the corresponding allegations constitute conclusions of law and are denied as such.

59. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations made in this paragraph.

60. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by

Plaintiff is denied. To the extent any further answer is required, the corresponding allegations constitute conclusions of law and are denied as such.

61. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations made in this paragraph.

62. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the corresponding allegations constitute conclusions of law and are denied as such.

63. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the corresponding allegations constitute conclusions of law and are denied as such.

64. Admitted only that the prior action brought by Plaintiff was discontinued.

65. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations made in this paragraph. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

66. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations made in this paragraph. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the corresponding allegations constitute conclusions of law and are denied as such.

67. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the corresponding allegations constitute conclusions of law and are denied as such.

68. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the corresponding allegations constitute conclusions of law and are denied as such.

69. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied. To the extent any further answer is required, the corresponding allegations constitute conclusions of law and are denied as such.

70. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such.

71. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such.

72. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such.

73. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such.

74. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such.

75. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

76. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such.

77. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such.

78. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

79. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. To the extent the corresponding allegations refer to documents in writing, the documents speak for themselves and no further response is required. Any characterization by Plaintiff is denied.

80. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such.

81. Denied. To the extent the corresponding allegations are addressed to Defendants, the allegations in this paragraph constitute conclusions of law and are denied as such.

WHEREFORE, Defendants request that this Honorable Court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs to Defendants. Defendants also requests that other or further relief as may be appropriate under the circumstances be awarded.

## AFFIRMATIVE DEFENSES

Defendant incorporates paragraphs one (1) through eighty-one (81), above, and asserts affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

82. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

83. Defendant denies that Plaintiff is entitled to the relief sought in Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

84. Plaintiff's claims may be barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

85. If there is a judicial determination that Rule 238 of the Pennsylvania Rules of Civil Procedure is constitutional, said constitutionality being placed at issue herein, then liability for any delay damages imposed by the Court should be suspended during the period of time that Plaintiff delayed in responding to discovery or otherwise delayed the trial of this matter.

### FIFTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are or may be barred, limited and/or reduced by the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

87.     Plaintiff's claims are or may be barred, limited and/or reduced by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

88.     Plaintiff's claims are or may be barred, limited and/or reduced for failure of consideration

## EIGHTH AFFIRMATIVE DEFENSE

89.     Plaintiff's claims are or may be barred, limited and/or reduced under the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims are or may be barred, limited and/or reduced under the doctrine of waiver.

## CROSSCLAIM

91.     If and in the event that Co-Defendant Steven T. Benner and/or Benner Brothers Trucking and/or Benner Bros Trucking improperly failed to name Defendants as additional insured under the applicable policy of insurance and/or improperly failed to provide insurance coverage for Defendants, Co-Defendant Steven T. Benner and/or Benner Brothers Trucking and/or Benner Bros Trucking is liable, with there being no active or primary wrongdoing on the part of Defendants contributing to the alleged incident or Plaintiff's alleged injuries.

WHEREFORE, Defendants hereby demand judgment against Crossclaim Defendant Steven T. Benner d/b/a Benner Brothers Trucking towards any verdict or judgment entered against Defendants plus attorneys' fees, costs, interest and such other relief that the Court deems just and equitable.

## **COUNTERCLAIM FOR DECLARATORY RELIEF**

92.     Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants assert this counterclaim for a declaratory judgment against Plaintiff.

93.     Defendants counterclaim for declaratory judgment, brought pursuant to 28 U.S.C. § 2201 and subject to Rule 57 of the Federal Rules of Civil Procedure, seeks the determination of a question in actual controversy between the parties as more particularly set forth herein.

94.     Defendants bring this counterclaim for declaratory judgment to obtain a judicial determination that United Financial Casualty Company has a duty to defend and/or indemnify Defendants with respect to the Lawsuit filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Docket No. 200302537 under the applicable insurance policy.

WHEREFORE, Defendants Lehigh Hanson ECC, INc., Lehigh Hanson, Inc., Lehigh Hanson Services, LLC, Lehigh Cement Company, Lehigh Cement Company, LLC, Ruggiero Trucking Company, Inc., Ruggiero Trucking Co., Inc., Ruggiero Brothers, Inc. and Ruggiero Bros., Inc. request judgment in their favor and against Plaintiff and respectfully requests that this Court enter an Order:

A.      Declaring that United Financial Casualty Company has a duty to defend Defendants with respect to the Lawsuit filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Docket No. 200302537 under the applicable insurance policy; and/or

B.      Declaring that United Financial Casualty Company has a duty to indemnify Defendants with respect to the Lawsuit filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Docket No. 200302537 under the applicable insurance policy; and/or

C.      Granting any other relief available at law or in equity to which Defendants may show itself justly entitled as a result of bringing this counterclaim.

Respectfully,

**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

BY: _____/s/_____
SETH J. SCHWARTZ, ESQUIRE
Attorney Identification No.: 65520
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2720 (p); (215) 575-0856 (f)
Sjschwartz@mdwcg.com
Attorneys for Defendants, Lehigh Hanson ECC, INC., Lehigh Hanson, Inc., Lehigh Hanson Services, LLC, Lehigh Cement Company, Lehigh Cement Company, LLC, Ruggiero Trucking Company, Inc., Ruggiero Trucking Co., Inc., Ruggiero Brothers, Inc. and Ruggiero Bros., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses, Crossclaim and Counterclaim was served this date, via United States mail to all counsel of record.

          Respectfully,

          **MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

BY:       /s/
      SETH J. SCHWARTZ, ESQUIRE
      Attorney Identification No.: 65520
      2000 Market Street, Suite 2300
      Philadelphia, PA 19103
      (215) 575-2720 (p); (215) 575-0856 (f)
      Sjschwartz@mdwcg.com
      Attorneys for Defendants, Lehigh Hanson ECC, INC., Lehigh Hanson, Inc., Lehigh Hanson Services, LLC, Lehigh Cement Company, Lehigh Cement Company, LLC, Ruggiero Trucking Company, Inc., Ruggiero Trucking Co., Inc., Ruggiero Brothers, Inc. and Ruggiero Bros., Inc.

DATE: April 14, 2021